Haynes, J.
The case of the claims of certain parties for the allowance of fees and work performed for the county, is one which is brought here from the common, pleas court by appeal from the order of the court, which claims were, by the court of common pleas, allowed, and finding of facts made, and the case is brought here upon error.
The claims arose under section 1155, of the statutes, and I will read,in connection with it, section 1154:
“In any county where, in the opinion of the county commissioners, the same is needed,and they so direct, the recorder shall, in addition to the alphabetical indexes, make in the books prepared for rhat purpose, general indexes to the records of all the real estate in the county, by placing under the heads of the original surveyed sections or surveys, or parts of a section or survey, squares, subdivisions, or lots,on the left page of such index book, first, the name of the grantor or grantors; second, next to the right, the name of the grantee or grantees; third, the number and page of the record where the instrument is found recorded; fourth, the character of the instrument, to be followed by a pertinent description of the property conveyed by the deed, lease or assignment of lease; and on the opposite page in like manner, all the mortgages, liens or other incumbrances affecting said real estate; and for his services in making such description and noting incumbrances, he shall receive for each tract described, five cents, in addition to his other fees. ”
Section 1155 reads as follows:
*673 ‘When general indexes, such as are described in the next preceding section, or any other indexes authorized by the county commissioners, are brought up and completed, the recorder shall keep up the same; and he shall receive for indexing any lot or parcel of land ten cents, to be paid out of the county treasury. ”
The court of common pleas, in its finding of facts, found:
1. That general indexes to the records of all the real estate of said Huron county are kept in the recorder’s office cf said county.
2. That the said general indexes so kept are in substantial compliance with the form prescribed by section 1154, of the Revised. Statutes of Ohio.
(These indexes,it will be understood,are in addition to the alphabetical indexes which are required in all counties, and always have been during the history of the state.)
3. That said general indexes so kept, were duly authorized by the commissioners of said Huron county, prior to the claim on which the procsedings herein are based.
4. That said general indexes were brought up and completed to the date of the claim on which the proceedings herein are based.
5. That the said claimant, W. Gr. Holiday, during the time included in and covered by the claim on which the proceedings herein are based, was the duly elected, qualified and acting recorder of said Huron county.
6. That said W. G. Holiday, as such recorder, during the entire time included in, and covered by the claim on which the proceedings herein are based, brought up and completed said general indexes.
7. That the services charged for by said recorder in said claim, were rendered as therein stated, and under section 1155 of the Revised Statutes,.and that the amount thereof, is in accordance therewith. ”
The contention of the counsel on behalf of the plaintiff in error is, that the claim is one in which the compensation is fixed by the statute, and that it was the duty .of the auditor of the county to have issued to the county recorder, the amount of his bill, and that the ccmmissioners of the county had no jurisdiction whatever to pass upon the bill, and have no authority upon which either of the parties might appeal to the court of common pleas.
Section 894 is cited, and reads as follows:
“No claims against the county shall be paid otherwise than upon.the allowance of the county commissioners, upon the *674 warrant of the county auditor, except in those cases in which the amount due is fixed by Jaw, or is authorized to be fixed by some other person or tribunal, in which cases the same shall be paid upen the warrant of the'county auditor, upon the proper certificate of the person or tribunal allowing the same; but no public money shall be disbursed by the county commissioners, or any of them, but the same shall be disbursed by the county treasurer, upon the warrant of the county auditor, specifying the name of the party entitled to the same, on what account, and upon whose allowance, if not fixed by law. ”
Section 1024 is also cited:
“The auditor shall issue warrants on the county treasurer for all moneys payable out of the treasury, (except moneys due the state, which shall be paid out upon the warrant of the auditor of state), when the proper order or voucher is presented therefor, and shall keep a register of all such orders showing the number, date of issue, the amount drawn for, in whose favor, and on what fund; but he shall not issue a warrant for the payment of any claim against the county unless the same is allowed by the county commissioners except in cases where the amount due is fixed by law, or is allowed by some other officer or tribunal authorized by law to allow the same.”
The whole question, it will be seen, lies in a nut-shell; the simple question is, whether or not the compensation that, is to be paid to the recorder, is one that is to be fixed by law’; and the claim is that the county auditor shall give an order or warrant for the amount without any other intervention, but the language of section 894 is:
“No claims against the county shall be paid otherwise than upon the allowance of the county commissioners, upon the warrant of the county auditor, except in those cases in which the amount due is fixed by law.”
We have listened to the learned arguments of counsel upon both sides, but without going into any lengthy discussion of the case, we are clearly of the opinion ourselves that the amount due is one that must be fixed by the county auditor; the rate of compensation is fixed by statute; the statute fixes the rate; that is to say, ten cents for each deed; but the number of deeds, and the amount that is due, is not fixed, in our judgment, by the recorder himself, nor is it to be paid upon his warrant, nor is he the party to state, as against the county, the number of deeds that he has recorded; but his claim should be presented to the county commissioners, and *675 he should give them the number of deeds he has recorded, and that amomt should be certified, audited and fixed by the county commissioners.
T. G. Laylin, and J. A. Williamson, for Plaintiff in Error.
S. M. Young, and J. R.McKnight, fox County Commissioners.
We think it is contrary to the public policy of this state, as shown by the various statutes of the 'state, for any officer to fix his own compensation, or the amount due him for his services.
The statute is, in all cases, very carefully and jealously guarded bjr the legislature of the state, and it is right that it should be so.
In this case, the claims were rejected by the county commissioners,'because they had not ordered the work.
The statute provides that the county commissioners may, if they see fit, order certain indexes to be made, and for making this, the county recorder shall receive tne sum of five cents for each deed.
That contemplated the bringing up back records of the county — bringing them up to date, or to any given date; but after that was done, and the records were once brought up to any given date and completed, it became the duty of the county recorder, after that time, to enter upon the record each deed as it was recorded, so that the record might be a perfect record for the purpose for which it was established, upon the various parcels of land in the county. Those records were brought up in this county, as the court finds, and the work that was done after that was done under section 1155; so that the question whether or not the county commissioners had ordered the work, it seems to us, is a question that is irrelevant to the case. The county recorder having found these prior records in existence, which had been made and accepted by the county, he had but one duty to perform, and that was to make an entry of these various deeds.
We are of the opinion that the judgment of the court of common pleas should be affirmed, and it is so ordered.